Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Dees, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Robert James & Associates Asset Management, Inc., | |
| Defendant. | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

Complaint - 1

**PARTIES**

4.     Plaintiff, David Dees ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Robert James & Associates Asset Management, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     In connection with collection of an alleged debt in default, Defendant called Plaintiff's place of employment on March 4, 2011 at 11:58 A.M., and at such time, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector.

12.     Defendant called Plaintiff's place of employment on March 8, 2011 at 10:51 A.M., and at such time, left a voicemail message, substantially similar if not identical to this:

> "Hi.  This message is intended for David Dees and or a Edgar Mulla. Edgar, you've been listed on this case as a call applicant.  We have a legal advisement for Mr. Dees.  Um, unfortunately, it's just been emailed down to me as the director of [inaudible] in regards to case number 831250.  Um, we do need a statement from your half, from your behalf, Mr. Dees, whether it be from you or your attorney.  Please contact us immediately, um, and like I say, we can take the voluntary statement from yourself or your attorney.  Um, that makes the decision one way or the other.  Um, I'd, you know, prefer you have some input on the actual case.  Contact me immediately at 716-242-7593.  Again, we do need to get the statement from you, sir, so we will call.  If we don't hear from you, we'll be giving you a call in a couple hours to get a statement on file.  Thank you."

13.     In Defendant's March 8, 2011 at 10:51 A.M. voicemail message, Defendant failed to disclose the caller's individual identity and failed to disclose Defendant's true corporate and/or business name to Plaintiff.

14. In Defendant's voicemail message of March 8, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

15. In Defendant's voicemail message of March 8, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

    a. "We have a legal advisement for Mr. Dees.";

    b. "in regards to case number 831250";

    c. "Please contact us immediately";

    d. "Um, I'd, you know, prefer you have some input on the actual case.";

    e. "Contact me immediately at 716-242-7593."; and

    f. "If we don't hear from you, we'll be giving you a call in a couple hours to get a statement on file."

16. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant, in a telephonic communication placed to Plaintiff in connection with the collection of an alleged debt, failed to disclose to Plaintiff the caller's individual identity in a telephone call to Plaintiff and failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff in violation of 15 U.S.C. § 1692d(6).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

Complaint - 4

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant, by its conduct as described herein, used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant, in a telephonic communication placed to Plaintiff in connection with the collection of an alleged debt, failed to notify Plaintiff that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 22nd day of November, 2011.

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff